1. RAILROADS (§ 53*)—CONSTRUCTION—INDUSTRIAL SWITCH.
    Where the description of the route of an industrial switch petitioned for under Railroad Law, § 20 (Laws 1890, c. 565), is concededly faulty in that it includes private property, which cannot be so acquired, a motion for leave to construct the switch on a public highway may be denied, since the Supreme Court cannot appoint commissioners to pass upon the propriety of constructing an industrial switch upon a route not described in the petition or to substitute a new route for that described, though there may be a feasible route available, and especially will not do so where no motion is made for that purpose.
    [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 53.*]

2. EMINENT DOMAIN (§ 61*)—PROPERTY TAKEN—"PRIVATE PROPERTY"—TAKING FOR PRIVATE USE.
    The easement of abutting owners in a public highway is "private property" which cannot be taken for private use, and hence, where abutting owners upon a public highway owned a fee to the center of the street, a manufacturing corporation could not construct a switch through the street to its plant.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 57; Dec. Dig. § 61.*
    For other definitions, see Words and Phrases, vol. 6, pp. 5577, 5578; vol. 8, p. 7764.]

3. EMINENT DOMAIN (§ 61*)—"PRIVATE PROPERTY"—TAKING FOR PRIVATE USE.
    Under the rule that private property cannot be taken for private use, Railroad Law, § 20 (Laws 1890, c. 565), is unconstitutional and void in so far as it authorizes the taking of private property for private use.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 57; Dec. Dig. § 61.*]

4. MUNICIPAL CORPORATIONS (§§ 680, 681*)—USE OF STREETS—INTERFERENCE WITH TRAVEL.
    An application by a manufacturing company for permission to construct an industrial switch through a public street for its exclusive individual use is not within the rule permitting privileges to be granted to abutting owners in the use of streets, the exercise of which to some extent interferes with the convenience of the traveling public; such privileges being granted only on the theory that all abutting owners similarly situated may equally enjoy them.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1459–1466; Dec. Dig. §§ 680, 681.*]

Application by the George Sweet Manufacturing Company of the Town of North Dansville, Livingston County, New York, against John Van Der Hoof and others for leave to construct a switch on a public highway and take certain lands for that purpose. Application denied, and petition dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Motion under section 20 of the railroad law (Laws 1890, c. 565) for the appointment of three commissioners to determine whether petitioner shall be permitted to construct a switch or railroad along and upon the center line of the "Hartman Highway," so called, in said town, extending from the tracks of the Dansville & Mt. Morris Railroad easterly to the property and plant of the petitioner, a distance of about one mile, for the purpose of connecting such plant with said railroad, and also to ascertain the compensation to be made to the defendants, owners of land bounded on such highway, and upon which it is proposed to construct or operate such railroad or switch.

The granting of the motion was opposed upon the ground that it involved the taking of private property for private use and also the taking of public property for private use in which the owners had a special interest and easement, all of which it was urged is violative of the federal and state Constitutions.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred W. Noyes, for plaintiff-petitioner.
Newton B. Gorham, for defendants.

McLENNAN, P. J.   The material facts are not in dispute.   The petitioner is a domestic manufacturing corporation, having its plant and principal place of business in the town of North Dansville, Livingston county, N. Y.   Such plant is located on the southerly side of a highway in the town of North Dansville known as the "Hartman Highway," which extends from the petitioner's plant westerly, crossing the tracks of the Dansville & Mt. Morris Railroad at a point about a mile distant from such plant.   Said highway is straight and practically level, is three rods wide, and extends through a farming community.

The defendants own property upon either side of such highway, including the fee to the center thereof.   The petitioner is engaged in manufacturing upon its plant, which consists of about 10 acres and upon which have been erected extensive furnaces, shops, etc., heavy machinery and castings which are transported to various parts of the country, the initial carrier being the Dansville & Mt. Morris Railroad Company; and in the prosecution of its business it requires a large amount of raw material, coal, iron, etc., all of which must be shipped over such railroad.   The amount of incoming and outgoing freight aggregates about a car load a day.

It is alleged that it is essential to the successful conduct of petitioner's business at its present plant that it be permitted to build a switch on the highway in question connecting its plant with the tracks of the Dansville & Mt. Morris Railroad, and that only in such way can it obtain proper shipping facilities.   It is alleged that the construction of such a switch upon the center line of such highway will not impair its usefulness as a highway; that it is proposed to construct a driveway upon each side of such switch 12 feet in width, which will afford ample facilities for all having occasion to drive upon or use such highway.

On the 18th day of November, 1909, the town board of North Dansville duly passed a resolution granting permission to the petitioner to construct the switch asked for upon the center line of such highway, upon condition, however, that it make a driveway on either side of the

rails of such switch 12 feet in width. The petitioner, however, was not required to maintain such driveways after their construction.

It is not suggested in the petition that the switch asked for is to be used for any purpose other than for the petitioner's private use and convenience. It is not pretended that any one of the public would be entitled to use the same for any purpose whatsoever, or that it would convenience any one other than the petitioner and its allied company, the Power Specialty Company, in the slightest degree. It is not pretended that any other party, corporation, or person would have the right to use it for any purpose. Concededly, such switch, if constructed, will be the private property of the petitioner and will be operated by it solely for its private use and benefit.

The petitioner asks by its petition that it be permitted to take a portion of the property belonging to the defendant Jerry Wall, which adjoins its plant, but is not included within the boundaries of the highway, in order to connect its plant with such highway and the switch which it asks to construct thereon. Such property is included in the description of the route set forth in the petition.

It is now conceded, and was upon the oral argument, that such property cannot be acquired under section 20 of the railroad law or otherwise. The description of a route, being thus concededly faulty, this court might properly deny the motion upon that ground. It is not competent for this court to appoint commissioners to pass upon the feasibility and propriety of constructing a switch upon a route not described in the petition, or to substitute a new route not suggested therein; certainly not except upon motion made for that purpose, even although it may appear that there is another feasible route by which the petitioner's plant could be connected with such highway and the switch which it asks to construct thereon.

But independent of that consideration, we think the motion must be denied for the reason that the petitioner is seeking to acquire private property for private use and property which has been devoted to the public use in which the defendants have a private property right and easement. It is settled beyond controversy that the easement of an abutting owner in a public street is private property. Story v. N. Y. Elevated Railroad Co., 90 N. Y. 122, 43 Am. Rep. 146. In the case of Abendroth v. Manhattan Railway Company, 122 N. Y. 1, 25 N. E. 496, 11 L. R. A. 634, 19 Am. St. Rep. 461, it was held:

"An owner of a lot adjoining a city street, although his title extends only to the side of the street, and he has no interest therein save as abutting owner, has incorporeal private rights therein, which are incident to his property, and which may be so impaired as to entitle him to damages. Such rights are private property within the provision of the state Constitution (article 1, § 6). * * *"

In this case it appears not only that the defendants are abutting owners upon the highway in question, but that they own the fee respectively to the center thereof, so that as against each of the defendants the petitioner is seeking to acquire his private property for its private use and benefit. It would hardly seem to be necessary to cite authorities in support of the proposition that private property may not be taken for private use. Many such, however, can be found,

among others: Taylor v. Porter, 4 Hill, 140, 40 Am. Dec. 274; Matter of Mayor, etc., 135 N. Y. 253, 31 N. E. 1043, 31 Am. St. Rep. 825; W. W. M. Co. v. Shanahan, 128 N. Y. 345, 28 N. E. 358, 14 L. R. A. 481; Matter of Split Rock Cable Road Co., 128 N. Y. 408, 28 N. E. 506.

It is unnecessary to consider in detail the provisions of section 20 of the railroad law (Laws 1890, c. 565) because, in so far as it assumes to authorize the taking of private property for private use, it is unconstitutional and void.

This application does not fall under the rule that those having control of or authority over public streets or highways may grant certain privileges to abutting owners although the exercise of the privileges so granted may to some extent interfere with the convenience of the traveling public. Such privileges are granted upon the theory that all abutting owners similarly situated may alike enjoy them. We think it has never been held that a stranger can be permitted to invade such street or highway solely for his private purpose.

In the case of Hatfield v. Straus, 189 N. Y. 208, 82 N. E. 172, it was held:

"The board of estimate and apportionment of the city of New York has no authority to grant to the proprietors of a department store a permit to lay down private railroad tracks in front of their premises and operate express cars thereon for the conveyance of goods to their store from the street railroads."

The suggestion of counsel for petitioner that it is significant that, although section 20 of the railroad law was enacted more than 20 years ago, its constitutionality has never been questioned, is not forceful in support of the granting of the motion, because it is quite possible that this is the first time it has ever been urged before a court that private property can be acquired in opposition to the will of the owner thereof, whether it consists of an easement or the fee of a public highway, for the private use and purpose of a person or corporation seeking to obtain the same and for a use and purpose which the public or no one other than the person or corporation attempting to acquire it has any interest in.

The application should be denied, with $10 costs and disbursements, and the petition dismissed.

Application denied, with $10 costs and disbursements, and petition dismissed. All concur; WILLIAMS and KRUSE, JJ., in result only.